1  Ronald Y. Rothstein (*to be admitted pro hac vice*)
   RRothste@winston.com
2  **WINSTON & STRAWN LLP**
   35 West Wacker Drive
3  Chicago, IL 60601-9703
   Telephone: (312) 558-5600
4  Facsimile: (312) 558-5700

5  Megan L. Whipp (SBN: 319182)
   MWhipp@winston.com
6  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
7  Los Angeles, CA 90071-1543
   Telephone:    (213) 615-1700
8  Facsimile:    (213) 615-1750

9  Attorneys for Defendant
   BIG HEART PET BRANDS, INC.
10

11            **UNITED STATES DISTRICT COURT**

12            **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  PENNIE ROPER, individually and on behalf of all others similarly situated, | Case No. _____ |
| 14 | **DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF REMOVAL** |
| 15            Plaintiff, | |
| 16       vs. | |
| 17  BIG HEART PET BRANDS, INC. | |
| 18            Defendant. | Complaint Filed: February 13, 2019 |
| 19 | Complaint Served: February 26, 2019 |

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1446, defendant Big

22  Heart Pet Brands, Inc. ("Big Heart" or "Defendant"), without waiving any defenses it may have,

23  hereby removes this action to this Court from the Superior Court of the State of California for the

24  County of Stanislaus on the grounds stated below.

25  **I.    INTRODUCTION**

26       1.    This case is hereby removed from state court to federal court pursuant to diversity

27  jurisdiction because at the time the Complaint was filed, and at this time: (1) complete diversity of

28  citizenship exists between the parties; and (2) as alleged in the Complaint, the claims of Plaintiff

                                    1

1    exceed $75,000 exclusive of interest and costs.  Therefore, this Court has original jurisdiction

2    under 28 U.S.C. § 1332(a).

3    **II.    THE STATE COURT ACTION**

4         2.    On February 13, 2019, plaintiff Pennie Roper ("Plaintiff") commenced this putative

5    California class action as Case No. CV-19-000848 in the Superior Court of the State of California

6    for the County of Stanislaus by filing a complaint (the "Complaint") captioned *Pennie Roper, on*

7    *behalf of herself and all others similarly situated vs. Big Heart Pet Brands, Inc.* A true and correct

8    copy of the Summons and Complaint is attached hereto as **Exhibit 1.**

9         3.    The Complaint purports to assert seven causes of action against Defendant for

10   violations of the California Consumer Legal Remedies Act, Civ. Code §§ 1750 et seq. ("CLRA"),

11   the California Unfair Competition Law, Bus. & Prof Code §§ 17200 et seq. ("UCL"), the

12   California False Advertising Law, Bus. & Prof. Code §§ 17500 ("FAL"), Breach of Express

13   Warranty, Breach of Implied Warranty, Intentional Misrepresentation, and Breach of Quasi-

14   Contract/Unjust Enrichment/Restitution Under California Law.  See Ex. 1, Compl. ¶¶ 46-109.

15   The Complaint seeks to certify a class consisting of "all California residents who purchased any of

16   the Products in California during the relevant statute of limitations period" ("California Class")

17   and a class consisting of "all California residents who purchased any of the Products in California

18   for personal, family, or household purposes, during the relevant statute of limitations period"

19   ("California Consumer Subclass"). Ex. 1, Compl. ¶ 34-35.

20        4.    Service was effectuated on Defendant as of February 26, 2019.  Ex. 1, Summons.

21        5.    Defendant denies that it engaged in any unlawful conduct or is liable to Plaintiff.

22   **III.    JOINDER**

23        6.    Defendant is not aware of any other defendant having been served with a copy of

24   Plaintiff's Complaint.

25   **IV.    BASIS FOR FEDERAL COURT DIVERSITY JURISDICTION UNDER  28**

26        **U.S.C. § 1332**

27        7.    The state court action is a civil action of which this Court has original jurisdiction

28   under 28 U.S.C. § 1332 based on diversity jurisdiction.  The state court action is properly

NOTICE OF REMOVAL

removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

**The Parties' Citizenship**

8.    Plaintiff is a citizen of California who allegedly purchased the Grain Free Salmon, Sweet Potato & Pumpkin Recipe manufactured by Defendant.  Ex. 1, Compl. ¶ 11.

9.    Plaintiff seeks to represent a class consisting of "all California residents who purchased any of the Products in California during the relevant statute of limitations period" ("California Class") and a class consisting of "all California residents who purchased any of the Products in California for personal, family, or household purposes, during the relevant statute of limitations period" ("California Consumer Subclass"). Ex. 1, Compl. ¶ 34-35.

10.    Defendant is a Delaware corporation with its principal place of business in Orrville, Ohio. Ex. 1, Compl. ¶ 12; Declaration of Jaclyn Bryk Welch ("Welch Decl.") ¶ 4.  Defendant manufactures the Products identified in the Complaint (see Ex. 1, Compl., Exhibit A) which are sold in California.

**Amount in Controversy**

11.    Based on Defendant's assessment of Plaintiff's allegations and the class definition in the Complaint, the aggregate amount in controversy between the parties well exceeds the minimum sum of $75,000 forth in 28 U.S.C. § 1332, exclusive of interest and costs.

12.    Plaintiff does not specifically allege an amount of damages in the Complaint.  Nor does she allege that the aggregate amount in controversy is less than $75,000.

13.    When a plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

14.    In this case, Plaintiff seeks "statutory damages in the maximum amount for which the law provides," "monetary damages, including but not limited to any compensatory, incidental, or consequential damages," "equitable monetary relief," and "punitive damages." Ex. 1, Compl.

Prayer ¶ D-H.  As discussed above, the Complaint seeks to certify classes consisting of "all California residents who purchased any of the Products in California during the relevant statute of limitations period" ("California Class") and "all California residents who purchased any of the Products in California for personal, family, or household purposes, during the relevant statute of limitations period" ("California Consumer Subclass"). Ex. 1, Compl. ¶ 34-35. As evidenced in the Declaration of Jaclyn Bryk Welch, filed concurrently herewith, the sales of the Products listed in the Complaint in California during the Class Period exceed $75,000. Welch Decl. ¶ 2-3.

15.     Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(b).

## V.    TIMELINESS OF REMOVAL

16.     The Summons and Complaint were served on Big Heart's agent for service of process on February 26, 2019.  See Ex. 1, Summons. This Notice of Removal is filed within thirty (30) days of service and, therefore, removal of the action is timely pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## VI.    VENUE

17.     Venue in this judicial division is proper under 28 U.S.C. § 1441(a) and (b) because the action is currently pending in the county embracing this division.

## VI.    COMPLIANCE WITH STATUTORY REQUIREMENTS

18.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).

19.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as **Exhibit 1** true and correct copies of the Summons, Complaint and Civil Case Cover Sheet.  These are the only process, pleadings, or orders in the State Court's file that have been served on Defendant up to the date of filing this Notice of Removal.

20.     This Notice of Removal is filed with this Court within 30 days after personal service of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

21.     As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of

4

this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Stanislaus.

**VII.   INTRADISTRICT ASSIGNMENT**

22.    The state court action was commenced in the Superior Court of the State of California in and for the County of Stanislaus.  Pursuant to Eastern District of California, Local Rule 120(a) civil actions arising in Stanislaus shall be assigned to the United States District Court sitting in Fresno, California and in Bakersfield, California. Thus, this action may be properly assigned to the District Court in Fresno California.

<strong><u>CONCLUSION AND PRAYER</u></strong>

10.    For the foregoing reasons, this case is properly and timely removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b), and the parties should litigate this action in this Court.

11.    By removing this action, Defendant does not waive any defenses that may exist.

12.    Defendant reserves the right to submit additional evidence in support of, and to amend, this Notice of Removal.

13.    Pursuant to 28 U.S.C. § 1446(d), Defendant shall provide written notice of the filing of this Notice of Removal to all adverse parties.  In addition, a copy of this Notice of Removal is being filed with the clerk of the court in which the Complaint was filed.

WHEREFORE, for the reasons stated above, Smucker respectfully requests that this Court accept jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the courts of the State of California.


Dated:  March 28, 2019                    WINSTON & STRAWN LLP


                                          By:   /s/ Megan L. Whipp
                                               Ronald Y. Rothstein
                                               Megan L. Whipp
                                               Attorneys for Defendant
                                               BIG HEART PET BRANDS, INC.

5